IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

vs.                              Case No. 1:21-CR-00110-WCG

PAUL S. OSTERMAN,

           Defendant.

**MOTION FOR RECONSIDERATION OF COURT RULING DENYING DEFENSE MOTION TO SUPPRESS EVIDENCE PERMITTING THAT GPS INSTALLATION AND FOR *FRANKS* HEARING ON THIS MOTION**

       In the arguments preceding this Court's order denying the defense motion to suppress evidence, defense counsel appears to have failed to articulate completely or clearly why the Court should have granted the defense motion. As the possible fruit of defense counsel's inarticulate arguments, it seems the Court may very well have ruled erroneously on the entire motion.

       At page nine of the court's decision, the Court held that the affiant's admittedly false statement (that Jones was using the Holiday Inn Wifi, page 7 of the decision) was not made with reckless disregard for the truth. In so finding, the Court held that the "additional information" available tended to strengthen the inference Wanta used to get the warrant.

       It is clear this additional information – added into the record by the government in the course of the motion hearing proceedings – was omitted from the warrant application.

As the Seventh Circuit wrote in *United States v. Rees*, 957 F.3d 761, 766 (7th Cir. 2020), "a district court may *not* consider new inculpatory information supporting a finding of probable cause" when reviewing the sufficiency of the warrant (emphasis in original).

Here, the court found (as admitted in his testimony) that Wanta falsely averred under oath that "Jones" used the Holiday Inn WiFi on July 4, 2019. Wanta confirmed this was his unsupported claim and this was what he meant to write. He noted that he was not worried about things in Illinois as he was not investigating cases there.

It appears that this court used the additional but omitted information for two purposes, both improper under the reasoning of Rees, supra.

First, it looks as if this Court relied on the *omitted* information to support the view that the warrant set forth probable cause. That is not a proper way to evaluate whether an affidavit showed probable cause. Omitted information, as noted above, cannot be used to "strengthen" probable cause. It seems as if this court used it for that purpose.

Second, the Court also seems to have relied on the same additional yet omitted information to show Wanta was not "reckless" in his affidavit. This is contradictory. Wanta admitted that the additional information he omitted contradicted that sworn statement about "Jones" using the Holiday Inn Wifi on July 4, 2019. Neither bad intent nor intentional falsehood is required for a *Franks* violation. Here, Wanta's admission that an important part of the omitted material – the accurate Wifi data – showed his claim about Jones false constitutes the sort of recklessness need to satisfy *Franks* and its progeny.

2

If defense counsel failed to articulate this argument cogently enough to make it clear for this Court in the first instance, the defense asks this Court to reconsider its decision now on the basis of what is, hopefully, a more cogent statement of these key points.

In sum, in support of reconsideration, the defense submits that Wanta's admittedly false statement in the affidavit was reckless; further, once it is excised from that affidavit – and without any consideration of the "additional (omitted) information" – the affidavit lacked probable cause to support the issuance of the warrant. This motion also seeks to insure completeness of the record of arguments made (and thus not waived), for purpose of any possible appellate review.

Dated at Madison, Wisconsin, September 19, 2022.

Respectfully submitted,
PAUL S. OSTERMAN, Defendant

CHRISTOPHER T. VAN WAGNER, S.C.
110 East Main Street, Suite 705
Madison, Wisconsin 53703
(608) 284-1200

*s/ Christopher T. Van Wagner*

_____
CHRISTOPHER T. VAN WAGNER
(State Bar #1024261)