UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

     v.                                   Case No. 21-CR-110

PAUL S. OSTERMAN,

        Defendant.

---

### ORDER GRANTING MOTION TO APPEAL IN FORMA PAUPERIS

---

Defendant Paul S. Osterman pleaded guilty to Sex Trafficking of a Child and was sentenced to 300 months in prison. Judgment was entered on September 22, 2022. His privately retained attorney filed a notice of appeal on October 4, 2022, and paid the $505 filing fee. Counsel then filed the required Docketing Statement and a Motion to Withdraw As Counsel, which the Court of Appeals has taken under advisement. Osterman then filed a pro se Motion To Proceed On Appeal *In Forma Pauperis* with the Court of Appeals on October 24, 2022. The Court of Appeals ordered Osterman's motion transferred to the district court for a ruling, along with a copy of its order. Having considered the affidavit filed in support of the motion and the entire record in this matter, I conclude that the motion should be granted.

In civil cases, a person may be authorized to proceed *in forma pauperis* if he or she is unable to pay the filing fee for the action they seek to bring. Osterman has already paid the filing fee for his appeal, so that is not at issue here. The standard for deciding whether a person is entitled to proceed *in forma pauperis* on an appeal in criminal cases looks to more than the person's ability to pay the filing fee. *In forma pauperis* status for defendants in direct criminal appeals is

determined on the basis of whether the defendant is "financially able to obtain counsel," not merely whether the defendant can pay the appellate fees or costs of transcripts. *See* 18 U.S.C. § 3006A(b). Here, it is clear that Osterman lacks the financial resources to obtain counsel for his appeal.

According to his affidavit, Osterman has a checking account balance of $5,600 in a bank, a motorcycle valued at $3,000, and monthly income of $187 from a Veterans Administration disability benefit. While these assets may be sufficient to allow payment of the filing fee, they are not enough to retain counsel for an appeal. Osterman notes in his affidavit that he has child support obligations and that his parents paid his attorney fees and the filing fee for his appeal. His parents are also paying for his commissary and phone use while in prison. Based on this evidence, I am satisfied that Osterman is not financially able to obtain his own attorney.

Even if financially eligible, a person may not proceed *in forma pauperis* on an appeal in a criminal case "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). To act in bad faith means to sue on the basis of a claim that no reasonable person could suppose to have any merit. *See Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000) (holding that an appeal in a frivolous suit cannot be "in good faith" under 28 U.S.C. § 1915(a)(3) because "good faith" must be viewed objectively).

Although Osterman entered a guilty plea to the offense on which sentence was imposed, thereby waiving any non-jurisdictional defense, the parties' Plea Agreement expressly retained his right to challenge the court's decision denying his motion to suppress. Based upon this express reservation, the court is satisfied that Osterman's appeal is not taken in bad faith.

2

Case 1:21-cr-00110-WCG   Filed 11/04/22   Page 2 of 3   Document 54

**IT IS THEREFORE ORDERED** that Osterman's motion to appeal *in forma pauperis* is **GRANTED.** The Clerk is directed to provide a copy of this Order to the Court of Appeals.

Dated at Green Bay, Wisconsin this 4th day of November, 2022.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge